ANNA DEVLIN, PLAINTIFF-APPELLANT, v. GEORGE SURGENT AND JAMES A. YOUNG, DEFENDANTS-RESPONDENTS, AND WALTER SCOTT, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued June 7, 1954—Decided June 14, 1954.

Mr. J. Mortimer Rubenstein argued the cause for plaintiff-appellant (Mr. Milton Schamach, attorney).

Mr. Nicholas Martini argued the cause for defendant-respondent.

Before Judges CLAPP, SMALLEY and SCHETTINO.

The opinion of the court was delivered by

CLAPP, S. J. A. D. The action here was brought to have the court expunge from a death certificate a statement therein that the death certified to was a suicide. The court below entered summary judgment for the defendants, 28 *N. J. Super*. 591, and plaintiff appeals.

The plaintiff argues that the death certificate was not made in accordance with the law, citing *Aitken v. John Hancock Mutual Life Ins. Co.*, 124 *N. J. L.* 58 (*E. & A.* 1940), *Kramerman v. Simon*, 131 *N. J. L.* 250 (*Sup. Ct.* 1944) and *Macko v. Herbert Hinchman & Son*, 24 *N. J. Super*. 304 (*App. Div.* 1953).

In the first place the defendant, Dr. George Surgent, the county medical examiner, was the proper person under *N. J. S. A.* 26:6–8 to supply the "death particulars" on the certificate and hence to make the statement as to suicide. There is no indication that there was an attending physician, and in that circumstance the duty to furnish these particulars, which is given to the coroner by *N. J. S. A.* 26:6–8, devolved upon the county medical examiner under *N. J. S. A.* 40:21–30.16.

In the second place, the certificate is on the printed form used by the State Department of Health pursuant to authority vested in it. *N. J. S. A.* 26:6–7; *Macko v. Herbert Hinchman & Son*, 24 *N. J. Super*. 304 (*App. Div.* 1953), *supra*. In one place on this form, the printed words "accident," "suicide" and "homicide" are listed, followed in parentheses by the word "specify." This question, whether there was an accident, suicide or homicide, surely called for an opinion on the part of Dr. Surgent; he certainly is not (as plaintiff seems to claim) required to withhold his answer to the question where he does not personally observe the accident, suicide or homicide. Hence the certificate here, which states Dr. Surgent's opinion that death was due to suicide, is in accordance with law.

Next, plaintiff argues that Dr. Surgent did not reach the right conclusion as to whether or not there was

a suicide. Plaintiff's notion is that under equity's undoubted jurisdiction to correct a mistake or fraud, *Vanderbilt v. Mitchell,* 72 *N. J. Eq.* 910 (*E. & A.* 1907), the court will substitute its judgment for the doctor's opinion. We need not pass upon that notion. For, on the question whether Dr. Surgent's conclusion was right, there was nothing before the court below, *pro* or *con,* except his affidavit stating positively not only that he had not made a mistake, but that he had reached his conclusion after having, himself, performed an autopsy and examined a toxicological report attached to the affidavit. In determining whether or not Dr. Surgent made a mistake, we will, of course, attach weight to his own sworn assertions that he made no mistake. Not only is there nothing to oppose these assertions, but there is not the slightest suggestion in the record before us indicating wherein he may have been wrong. Palpably the record presents no real issue upon the question whether he made a mistake.

Affirmed.